IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOTION DYNAMICS, INC. et al., | ) | Case No. 1:99CV2497 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| NU-BEST FRANCHISING, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM AND ORDER</u> |

This is a case in which plaintiffs Debra Dixon, James Dixon, and their company Motion Dynamics, Inc. (collectively, "Motion Dynamics") bring claims of fraud and civil conspiracy against defendants Nu-Best Franchising, Inc., VF-Works, Inc., John R. Postlethwaite and Linda Postlethwaite (collectively, "Nu-Best"). The dispute arises from the purchase of a mobile video fluoroscopy ("x-ray") unit manufactured by VF-Works. On July 21, 2000, the court granted Nu-Best's motion to stay the action pending arbitration. On September 8, 2004, Arbitrator Kenneth L. Mann issued a decision in which he ordered that all defendants jointly and severally pay to Motion Dynamics the sum of $274,000.

On January 3, 2005, the court entered an order confirming the arbitrator's award and denying Motion Dynamics' request for punitive damages (Docket No. 172). Now before the court is a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), filed by Nu-Best (Docket No. 173). For the following reasons, the court denies this motion.

Under FED. R. CIV. P. 60(b):

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Nu-Best seeks relief under catch-all subsection (6) of the Rule, based largely on its assertion that the arbitrator's award was merely an "interim" award, and thus not subject to confirmation by the court.

> The Sixth Circuit Court of Appeals has explained that
>
> courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. A claim of strictly legal error falls in the category of "mistake" under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances. The parties may not use a Rule 60(b) motion as a substitute for an appeal, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise. Notwithstanding the extraordinary nature of relief under 60(b)(6), district courts may employ subsection (b)(6) as a means to achieve substantial justice when "something more" than one of the grounds contained in Rule 60(b)'s first five clauses is present. Accordingly, a motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is "especially broad" given the underlying equitable principles involved.

*Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989), citing *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985); *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d

577, 583 (6th Cir. 1977); 11 CHARLES ALAN WRIGHT ET. AL., FEDERAL PRACTICE AND PROCEDURE, § 2852, at 142 (1st ed. 1973); *id.,* § 2864 at 219-20.

Nu-Best asserts that the "exceptional circumstances" entitling it to relief in this case include the court's alleged lack of jurisdiction to confirm the arbitrator's order, and the difficulties that Nu-Best may suffer as a result of the award's confirmation (*e.g.*, "having to file appeal after appeal to have the entire arbitration decision reviewed"). Each of Nu-Best's arguments essentially relies on its contention that a common-sense interpretation of the word "interim" shows the arbitrator's award to lack the finality needed for confirmation by this court.

The court finds this contention without merit. The Sixth Circuit has been very clear on this issue: "an 'interim' award that finally and definitively disposes of a separate independent claim may be confirmed notwithstanding the absence of an award that finally disposes of all the claims that were submitted to arbitration." *Island Creek Coal Sales Co. v. Gainesville*, 729 F.2d 1046, 1049 (6th Cir., 1984)(copious citations omitted). Nu-Best's various references to dictionary definitions are insufficient to alter the court's previous conclusion that the arbitrator's award finally and definitively disposes of both the liability and damages issues in this case.

Similarly, the court finds that the potential need for confirmation of a later order regarding fees and costs does not subject Nu-Best to "extreme and undue hardship" justifying relief under subsection (6). *See Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir., 1990), citing *United States v. Karahalias,* 205 F.2d 331, 333 (2d Cir. 1953).

The court also rejects Nu-Best's contention that an "extraordinary situation" resulted from its failure to respond to the Motion to Confirm Arbitrator's Award. In an affidavit attached to Nu-Best's Rule 60 motion, attorney Gregory R. Glick appears to claim that he was not "permitted" to file a response, as a result of a

clerk's assurances that the case remains closed. The court finds it self-evident that a clerk's confirmation of the case's status (*i.e.*, "marked terminated") operates as no such prohibition. Moreover, the court is confident that it rendered fair and impartial consideration of the Motion to Confirm, even absent such a reply. The court did not, for example, adopt Motion Dynamics' argument in support of its claim for punitive damages in addition to the sum assessed by the arbitrator.

For the foregoing reasons, the court denies the motion for relief from judgment filed by Nu-Best, as well as the subsequent related motions (Docket Nos. 184 & 185).

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: August 9, 2005**